**BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, Appellant,**

**v.**

**JEFFERSON COUNTY, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 12, 1960.

Rehearing Denied April 22, 1960.

Lucian L. Johnson, Louisville, for appellant.

James E. Thornberry, Louisville, for appellees.

CULLEN, Commissioner.

The appeal is from a declaratory judgment of the Jefferson Circuit Court, decreeing that a specified formula shall be used in determining the cost to the Jefferson County Board of Education of transporting pupils of elementary grade attending nonpublic schools, for the purposes of an agreement under which the fiscal court of the county has agreed to pay such cost out of county funds.

Under KRS 158.115, a county may expend money from its general funds for the purpose of furnishing transportation for pupils attending nonpublic schools. Under the decision in Sherrard v. Jefferson County Board of Education, 294 Ky. 469, 171 S. W.2d 963, a school board, by virtue of constitutional restrictions, is prohibited from spending any school moneys for such purpose.

Jefferson County is willing to pay the cost of transporting *all* pupils of elementary grade attending nonpublic schools within the county school district, who reside beyond a reasonable walking distance of the school they attend. The board of education of the county school district is willing to provide the transportation facilities and do the transporting as an adjunct of its general transportation program, upon payment by the county of the cost. But the fiscal court and the school board cannot agree upon the proper formula to be applied in determining the cost.

The controversy was submitted to the circuit court through proceedings for a

declaratory judgment. The county stipulated that it would pay the cost up to $90,000 a year, in accordance with such formula as the courts determined to be proper.

Four different formulas were suggested to the circuit court. However, the school board argued mainly for No. 1, and the fiscal court for No. 3.

Formula No. 1 employs a straight per capita basis. It simply involves determining the percentage the number of nonpublic pupils transported constitutes of the total number of pupils transported, and applying that percentage to the total transportation costs (including depreciation on equipment), with an adjustment for the expense attributable to extra trips to certain public schools which are operated in double sessions. The annual cost under this formula would be $87,100.

Formula No. 2 contemplates a determination of the cost of extra buses required to enable the transporting of nonpublic pupils. This cost would be $79,500 per year.

Formula No. 3 would involve a determination of the percentage of nonpublic pupils only on the buses that carry both public and nonpublic pupils, and the application of that percentage to the cost of operating such buses (including a proportionate part of administrative costs). The annual cost under this formula would be $72,800.

Formula No. 4 is based on an estimate of per pupil mile cost. It would show an annual cost of $64,000.

The circuit court decreed that Formula No. 3 should be used. The board of education has appealed, and argues for Formula No. 1.

In Rawlings v. Butler, Ky., 290 S.W.2d 801, 60 A.L.R.2d 285, a similar question was presented as to the proper method to be used in determining the cost of transporting nonpublic pupils in Nelson County. The opinion had this to say on the question (290 S.W.2d 807, 808):

"The complaint avers Nelson County Board of Education illegally expended between $3,000 and $5,000 for the transportation of parochial students during the school year in question. Appellant in his brief argues that this sum calculated under paragraph 10 of the stipulation (which deals with the cost of operating school buses) is $2,643.84 and asks that the Board be enjoined from using school funds in helping defray the expense of transporting parochial students. It is manifest if the fiscal court contributed sufficient funds to bear this extra cost of transportation, no person can complain; but if its contribution does not take care of this extra expense, the Board cannot make up the deficit by expending any of its school funds. The Nelson County Board asks us not to apply the 'per capita' construction to paragraph 10 of the stipulation in arriving at the additional cost of transporting parochial students, but to arrive at it on the basis of the costs of extra buses which may be required in their transportation, or to arrive at this sum by the additional cost to the Board in operating its buses in picking up parochial students. Inasmuch as practically all school funds are distributed upon a 'per capita' basis, and as most school expenses are determined upon such basis, we feel constrained to adopt the 'per capita' method in determining this additional cost of transportation.

"In the instant case this additional cost is 19.1 per cent of the total cost of the school bus system of Nelson County as the Catholic children equal 19.1 per cent and the children attending the public schools equal 80.9 per cent of all children transported to school in Nelson County. Should any peculiar or unusual circumstances exist which show the 'per capita' method would not accurately or fairly reflect this additional cost of transportation, such circumstance may be taken into consideration

in applying the 'per capita' method in arriving at this additional cost."

The Jefferson County Board of Education argues that the Rawlings case is controlling here; that no "peculiar or unusual circumstances" have been shown to exist such as to warrant a departure from the straight per capita formula; that historically and contemporaneously the per capita method has been employed in making allocations of school costs for other purposes, such as tuition for nonresident pupils; and that the school transportation system must be considered and treated as a single, unitary operation, which cannot properly be divided up into parts for the purpose of cost allocations.

The fiscal court maintains that the clear purport of the statute authorizing the use of county funds to provide transportation of nonpublic pupils is that the county shall pay only the *extra* or *additional* cost, and not a proportionate part of the total cost; that the per capita formula in effect would require the county to pay part of the cost of buses that carry no nonpublic pupils; that computations of other kinds of school costs are not analogous; and that there are peculiar and unusual circumstances in Jefferson County such that the application of the per capita formula "would not accurately or fairly reflect this additional cost of transportation" within the meaning of the opinion in the Rawlings case.

Because of constant changes in the costs of equipment, supplies and personal services, in the location of schools, pupils' residences, and highways, and in the number of children attending school, it is a practical impossibility to establish any figure as the absolute additional cost to the school transportation system of transporting nonpublic pupils. So the cost can be established only by estimate or approximation, based upon some theory of cost analysis. And in this foggy field, in which so many variable factors may enter, there is no fixed guide or standard by which a court can say that one formula is right and another is wrong.

Any one of a number of formulas may be considered to achieve a reasonable approximation of cost, depending upon the attitude of approach, local customs, practices in the industry, particular circumstances of the moment, etc.

We feel that the only satisfactory approach to this problem is from the standpoint of treating as the controlling consideration the proposition that the school district cannot constitutionally expend any of its funds to transport nonpublic pupils. In fact, as we view it, the only concern of the courts in respect to the problem presented is to make sure that no school money is expended for this purpose. Were it not for the constitutional bar, the question of how much money the county should pay would be strictly a matter to be worked out by contract between the fiscal court and the school board.

So we think our duty is to choose the formula that best assures that *none* of the expense of transporting nonpublic pupils will come from school funds. The straight per capita method seems to come closest to giving such assurance.

It is true that we cannot say that the formula selected by the circuit court would in fact result in charging some of the cost to school funds. We can say only that this formula gets into a borderline area, where there is room for difference of opinion.

In the final analysis, we feel that we have no real choice other than to direct adherence to the straight per capita formula approved in the Rawlings case, in the absence of a clear and unequivocal showing that this formula would not under the particular circumstances accurately or fairly reflect the cost and that some other formula would. There is no such showing in this case.

The judgment is reversed with directions to enter judgment in conformity with this opinion.